IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD VAUGHN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0404 |
| | § | |
| CHEVRON USA INC., *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Leave to Designate Responsible Third Party ("Motion") [Doc. # 37] filed by Defendant Vetco Gray, Inc. ("Vetco"), to which Plaintiff Richard Vaughn filed a Response [Doc. # 41], and Vetco filed a Reply [Doc. # 42]. Having reviewed the record and relevant legal authorities, the Court **grants** the Motion.

Plaintiff, while working as an employee of Schlumberger Limited ("Schlumberger"), was injured at a fixed offshore production platform owned by Defendant Chevron U.S.A. Inc. ("Chevron") when he attempted to close a valve that had been "repacked" by a valve technician employed by Vetco. Plaintiff alleges that the valve stem and handle blew out of the valve and struck him on the forearm. Plaintiff filed this lawsuit against Chevron and Vetco. Vetco now seeks to designate

Schlumberger as a responsible third party pursuant to Sections 33.003 and 33.004 of the Texas Civil Practice and Remedies Code.

Under Texas law, a defendant may seek leave to designate a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(a). A "responsible third party" is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *See* TEX. CIV. PRAC. & REM. CODE § 33.001(6); *see also Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702-03 (S.D. Tex. 2006); *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 419371 (S.D. Tex. Feb. 2, 2007). If a person is held to be a responsible third party, then the person is to be included in the list of parties the jury may consider for allocation of responsibility for the plaintiff's damages. *See* TEX. CIV. PRAC. & REM. CODE § 33.003.

Vetco argues that Schlumberger caused or contributed to Plaintiff's injury by failing to train him properly, and by negligently instructing him to close the valve knowing that it was not performing properly. Plaintiff argues that, even if Schlumberger qualifies as a "responsible third party," Texas procedural rules do not apply in cases such as this where subject matter jurisdiction is based on a federal

question, and Rule 14 of the Federal Rules of Civil Procedure is the exclusive mechanism for adding a third party in federal court.

Federal question jurisdiction in this case is based on the Outer Continental Shelf Lands Act ("OCSLA"), which provides that the state law of the adjacent state applies to the extent it is not inconsistent with federal law. *See* 43 U.S.C. § 1333(a)(2)(A); *Total E&P USA, Inc. v. Kerr-McGee Oil and Gas Corp.*, 711 F.3d 478, 487 (5th Cir. 2013). There is no dispute that the "adjacent state" in this case is Texas. The "responsible third party" law in Texas is not procedural, but is part of the state's substantive law. "Where the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied . . .." *Arvie v. Dodeka, LLC*, 2011 WL 1750242, *3 (S.D. Tex. May 4, 2011) (Rosenthal, J.) (quoting *Exxon Corp. v. Burglin*, 42 F.3d 948, 949 (5th Cir. 1995)). Courts in the Fifth Circuit, including those in this district, have found that "there is no conflict between designating responsible third parties under § 33.004 and Rule 14, because Rule 14 governs joining third parties, not designating them as responsible for the purpose of limiting the liability and damages of those who are parties to the suit." *Id.* (citing *Cortez*, 2007 WL 419371, *1–2 (collecting cases)). Because the responsible third party laws in Texas are substantive and do not conflict with federal law, they apply pursuant to OCSLA and it is hereby

**ORDERED** that Vetco's Motion for Leave to Designate Responsible Third Party [Doc. # 37] is **GRANTED**. It is further

**ORDERED** that Schlumberger Limited is designated as a Responsible Third Party in this case.

SIGNED at Houston, Texas, this **16th** day of **May, 2013.**

_____
Nancy F. Atlas
United States District Judge