IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD VAUGHN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0404 |
| | § | |
| CHEVRON U.S.A. INC., *et al.*, | § | |
| Defendants. | § | |

## **ORDER**

The Court has received and reviewed the parties' trial memoranda of law concerning the issue of whether judicial estoppel bars Plaintiff from relying on Louisiana law in this case. *See* Docs. # 68-10, # 92, # 96, and # 97. The issue of what law is applicable to this case was never decided by the Court. Defendant represented that there was no dispute that Texas law applied, and Plaintiff did not respond directly because he argued that federal law governed the issue. The Court did not decide the question. The parties pleaded in the alternative, to the extent the issue was raised. Defendant cites no authority that warrants the application of judicial estoppel under these circumstances. Plaintiff should have made his position on this issue clear, but this is not an instance where judicial estoppel is applicable .

The Court holds that Louisiana law applies in this case. Defendant did not rebut Plaintiff's persuasive showing in his Memorandum of Law Regarding OCSLA [Doc. # 92] that under the Outer Continental Shelf Land Act ("OCSLA"), Louisiana law applies. But because Plaintiff recognized the issue and did not make his position clear to the Court or Defendant in a timely manner, the Court will grant some relief to Defendant to ameliorate the prejudice that Defendant claims exists. *See* Defendant's Trial Memorandum of Law Regarding Judicial Estoppel [Doc. # 97], at 7.

Upon Defendant's request, the September trial will be continued until January 2014. Defendant may serve additional discovery and take depositions of persons or entities Defendant now deems necessary. Defendant may move to add additional parties to the verdict form, if permitted under Louisiana law.

Plaintiff has not made a persuasive motion or any argument for transfer under 28 U.S.C. § 1404(a). The Court sees no need to transfer the case at this time.

Mediation will be required after the close of discovery, or at a time agreed by the parties.

It is so **ORDERED.**

SIGNED at Houston, Texas, this **8th** day of **August, 2013.**

2

Nancy F. Atlas
United States District Judge